# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSE L. GARCIA,<br>        Petitioner,<br><br>v.<br><br>JOHN T. ADAMS,<br>THE DISTRICT ATTORNEY OF THE<br>COUNTY OF BERKS,<br>THE ATTORNEY GENERAL OF THE<br>STATE OF PENNSYLVANIA,<br>        Respondents. | CIVIL ACTION<br><br><br><br>NO. 17-5249 |

## O R D E R

**AND NOW**, this 19th day of February, 2020, upon consideration of Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus filed by *pro se* petitioner, Jose L. Garcia (Document No. 1, filed November 20, 2017), Supplement to Petitioner's Habeas Corpus filed by *pro se* petitioner (Document No. 9, filed May 30, 2019), the record in this case, the Report and Recommendation of United States Magistrate Judge Lynne A. Sitarski dated August 27, 2019, Objections to the Report and Recommendation filed by *pro se* petitioner (Document No. 18, filed November 12, 2019), and *pro se* petitioner's Motion for Appointment of Counsel (Document No. 20, filed February 6, 2020), **IT IS ORDERED** as follows:

   1.   The Report and Recommendation of United States Magistrate Judge Lynne A. Sitarski dated August 27, 2019, is **APPROVED** and **ADOPTED**;

   2.   *Pro se* petitioner's Objections to the Report and Recommendation are **OVERRULED**;

   3.   The Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus filed by *pro se* petitioner, Jose L. Garcia, and Supplement to Petitioner's Habeas Corpus filed by *pro se* petitioner, are **DENIED** and **DISMISSED**;

4. *Pro se* petitioner's Motion for Appointment of Counsel is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability will not issue because reasonable jurists would not debate (a) this Court's decision that the petition does not state a valid claim of the denial of a constitutional right, or (b) the propriety of this Court's procedural ruling(s) with respect to petitioner's claim(s). *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The decision of the Court is based on the following:

1. On January 17, 2013, a jury found *pro se* petitioner guilty of two counts of aggravated indecent assault, two counts of indecent assault, one count of aggravated indecent assault of a child and one count of corruption of minors. On April 16, 2013, the trial court sentenced *pro se* petitioner to an aggregate term of eight and a half to twenty-five years of imprisonment. The remaining procedural history is detailed in the Report and Recommendation;

2. The instant Petition for Writ of Habeas Corpus was filed on November 14, 2017. In it, *pro se* petitioner asserts fifteen claims. Nine of his claims – Grounds 1A, Two, Three, Nine, Ten, Eleven, Twelve, Thirteen, and Fourteen—are procedurally defaulted because the Pennsylvania Courts relied on independent and adequate state grounds to foreclose review of those claims. Those independent and adequate state grounds – Pennsylvania's waiver rule, 42 Pa.C.S. § 9544(b); Pa. R. App. P. 302(a); and the PCRA one-year statute of limitations, 42 Pa.C.S. § 9545(b) – preclude habeas review unless *pro se* petitioner shows "cause and prejudice" or a "fundamental miscarriage of justice" to excuse the procedural default. The Magistrate Judge found there was no "cause and prejudice" or a "fundamental miscarriage of justice," findings with which this Court agrees;

3. *Pro se* petitioner's remaining six claims—Grounds 1B, Four, Five, Six, Seven, and Eight—all raise claims of ineffectiveness assistance of trial counsel and were properly exhausted by PCRA Petition. However, the Magistrate Judge found, and this Court, agrees, that *pro se* petitioner did not show that the adjudications of those claims "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or, (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2);

The Pennsylvania Courts applied Pennsylvania's three-pronged ineffectiveness test, which is not contrary to *Strickland v. Washignton*, 466 U.S. 668 (1984). In short, *pro se* petitioner failed to demonstrate that his counsel performed deficiently, and he failed to show he was prejudiced by any alleged deficient performance;

4. For the most part, *pro se* petitioner's Objections merely disagree with the conclusions of the Magistrate Judge and offer no new substantive arguments. His newly asserted arguments address the Magistrate Judge's conclusions about his procedurally defaulted claims. Specifically, he contends that the procedural default on his Grounds 1A, Two, Three, Nine, Ten, Eleven, Twelve, Thirteen, and Fourteen should be excused under *Martinez v. Ryan*, 566 U.S. 1 (2012). *Pro se* petitioner's reliance on *Martinez* is misplaced. *Martinez* held that collateral counsel's ineffectiveness may excuse the procedural default for a claim of trial counsel's ineffectiveness but none of those ground assert claims of ineffective assistance of trial counsel. *Pro se* petitioner's sole procedurally defaulted ineffectiveness claim, Ground Ten, is also not excused under *Martinez* because it is meritless and is a variant of another claim addressed on the

merits, Ground 1B, and rejected by the Magistrate Judge. This Court agrees with that disposition by the Magistrate Judge;

*Pro se* petitioner's other newly raised argument in his Objections relates to his Ground Thirteen, a sentencing claim. The Magistrate Judge analyzed that claim in her Report and Recommendation and concluded that the procedural default was not excused, a conclusion with which this Court agrees; and

5. With respect to *pro se* petitioner's Objections to Grounds 1B, Four, Five, Six, Seven and Eight, *pro se* petitioner merely disagrees with the Report and Recommendation with which this Court is in agreement. The Pennsylvania's Courts reasonably denied the claims under *Strickland* and the adjudication did not result in an unreasonable determination of the facts,

**BY THE COURT:**

**/s/ Hon. Jan E. DuBois**

**DuBOIS, JAN E., J.**